**Guy E. McGAUGHEY, Jr., Appellant,**

**v.**

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1967.

Wilbur Fields, Louisville, for appellant.

Wesley P. Adams, Jr., William D. Lambert, Ogden, Robertson & Marshall, Louisville, for appellee.

IRA D. SMITH, Special Commissioner.

The appellant, Guy E. McGaughey, Jr., is appealing from a judgment entered in the Jefferson Circuit Court against him for the reason that he was served with a summons by a special bailiff instead of the sheriff in the county.

KRS 454.145 provides:

"The court, for good cause, may appoint a person to serve a particular process or order, and he shall have the same power to execute it which a sheriff has. His return must be verified by his affidavit. He shall be entitled to the fees allowed to sheriffs for similar services."

It would appear from the record that the appellee, Continental Illinois National Bank and Trust Company of Chicago, had encountered some difficulty in bringing McGaughey before the court after filing its complaint on January 28, 1965, and that pur-

suant to the above quoted statute a special bailiff was appointed on March 29, 1965, to serve the summons on McGaughey. The summons was duly served by the special bailiff on March 31, 1965.

The sole question presented is whether or not this service upon the appellant was proper and valid.

The order appointing Louis F. Jarosch or John B. Schmid, Jr., special bailiff, was signed by Lyndon Schmid, circuit judge, and was made pursuant to an affidavit filed by counsel stating that the defendant had previously evaded attempts to serve him with summons and that affiant believed it would be impossible to serve such a summons unless a special bailiff was appointed.

This court believes, as did the trial court, that the appointment of the special bailiff was properly made for a "good cause" and that McGaughey is in no position to make a groundless attack on the discretion exercised by the trial court in so appointing a special bailiff.

We are not inclined by the record here presented to criticize the judges of the Jefferson Circuit Court for appointing special bailiffs where in their good judgment cases may require same. Nor can we say, for the good of the appellant and litigants generally, that we should find the judgment in this case void.

Defendant was in no way prejudiced by the use of a special bailiff, and such service was sufficient to bring the defendant within the jurisdiction of the court. If there is any abuse of the special bailiff statute, it can be tightened by legislative action. But upon the record in this case, we are of the opinion that the trial court properly and correctly granted the judgment against the appellant.

The judgment is affirmed.

All concur.